UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| MIRANDA QUARLES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:25-cv-00020-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| QUARLES FAMILY REVOCABLE | ) | **&** |
| LIVING TRUST, ROGER QUARLES, | ) | **ORDER** |
| TRUSTEE, | ) | |
| | ) | |
| Defendant. | | |

*** *** *** ***

This matter is before the Court on Plaintiff Miranda Quarles's Motion to Alter, Amend, or Vacate. [R. 24.]  Specifically, Quarles asks this Court to alter or amend the Memorandum Opinion and Order entered on October 22, 2025, which dismissed the case for lack of subject matter jurisdiction.  For the reasons that follow, Quarles's Motion will be **DENIED**.

**I**

Defendant Quarles Family Revocable Trust (the "Trust"), for which Roger Quarles serves as sole trustee, owns a parcel of land located at 1480 Old U.S. 60, Frankfort, Kentucky 40601. [R. 4 at 1-2.]  Plaintiff Miranda Quarles, a Texas resident, owns the adjacent parcel at 1280 Old U.S. 60 [*Id*. at 2.]  On November 26, 2024, the Franklin District Court issued an order authorizing the Trust to construct a boundary line fence along the shared property line. [*Id*. at 4.] Subsequently, a dispute arose between the parties regarding the precise location of the boundary. [*Id*.]

On April 4, 2025, Miranda Quarles filed this quiet title action, asserting ownership over a portion of the land in dispute, which is less than one acre. [R. 1.]  The same boundary dispute was also the subject of a related case before this Court, *Quarles Family Revocable Trust v.*

*Miranda Quarles*, No. 3:25-cv-00026-GFVT, which was removed from state court.  In that action, both parties submitted competing surveys to support their respective boundary claims. The Trust retained Monty Rhody, a local surveyor, who concluded that resolution of the dispute may affect the property rights of Eveli Jerabeck, a minor who owns the neighboring parcel at 1405 Old U.S. 60 through her guardian, Steve Jerabeck.  [No. 3:25-cv-26-GFVT, R. 5-1 at 2.] Jerabeck was also named as a co-defendant in the related action.  In contrast, Miranda Quarles submitted an affidavit from her own surveyor, Anthony J. Sickles, who opined that "Jerabeck has no interest in the boundary dispute." [No. 3:25-cv-26-GFVT, R. 1-1.]

On May 19, 2025, the Trust moved to dismiss this action for lack of subject matter jurisdiction, asserting that Jerabeck is a necessary part whose joinder would destroy complete diversity due to her Kentucky citizenship, and in the alternative, that the amount in controversy does not exceed $75,000. [R. 4 at 5.]  On August 11, 2025, the Court held an evidentiary hearing and heard testimony from both surveyors on the boundary lines and property parcels that are at issue in the case. [R. 15; R. 16.]  On October 9, the Court remanded the related case back to state court, finding that the requirements of the Court's diversity jurisdiction were not satisfied. *Quarles Fam. Revocable Living Tr. v. Quarles*, 3:25-cv-00026-GFVT, 2025 U.S. Dist. LEXIS 205385, at *9 (E.D. Ky. Oct. 9, 2025).  Likewise, on October 21, 2025, the Court granted the Trust's Motion to Dismiss, and ordered that the matter be dismissed without prejudice, and stricken from the Court's active docket. [R. 22 at 12; R. 23.]  This motion to reconsider that Order followed and is now fully briefed and ripe for review. [R. 24.]

**II**

Federal Rule of Civil Procedure 59(e) allows a litigant to file a motion to alter or amend a judgment of a district court where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice. See, e.g., *GenCorp, Inc. v. Am.*

2

*Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "A motion for reconsideration under Rule 59(e) is a rare remedy." *HBKY, LLC v. Elk River Exp., LLC*, 2025 U.S. Dist. LEXIS 272132, at *12 (E.D. Ky. June 16, 2025).  "While the Sixth Circuit has not ruled on the exact definition of 'clear error,' it has made clear that it is an exacting standard and that a successful Rule 59(e) motion must 'clearly establish a manifest error of law.'" *Sapp v. W. Exp., Inc.*, 2015 U.S. Dist. LEXIS 45905, at *3 (M.D. Tenn. Apr. 8, 2015).  A "'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); see also *Dorger v. Allstate Ins. Co.*, 2009 U.S. Dist. LEXIS 61686, at *4 (E.D. Ky. July 16, 2009) ("[F]or [a movant] to prevail on her Rule 59(e) motion based on 'manifest error of law' she must not only establish that errors were made, but that these errors were so egregious that an appellate court could not affirm the judgment.").  Whether to grant or deny a Rule 59(e) motion is generally a matter within the district court's sound discretion. See *Engler*, 146 F.3d at 374.  Crucially, a motion under Rule 59(e) is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Quarles seeks reconsideration on two bases – a purported clear error of law in the Court's prior Order, and the supposed need to prevent manifest injustice. [R. 24 at 1.]  In support of this motion, Quarles presents several arguments, each of which effectively amount to an effort to relitigate the prior motion.  Ultimately, however, the Court can readily conclude that there was not a clear error of law in its prior Order, manifest injustice will not result, so the Court will, therefore, deny Quarles's motion.

## A

Quarles first contends that the Court committed clear error in determining that Jerabeck is an indispensable party. [R. 24 at 1.]  Quarles contends that because "[t]he Court's factual finding

3

was based on conflicting evidence," it "should have been resolved in favor of jurisdiction." [*Id.* at 2.] She also states that "Fed. R. Civ. P. 19(a) does not require joinder where the absent party has no actual interest." [*Id.* at 3.] She further states that, "[e]ven if Jerabeck were 'necessary,' dismissal is not required under Rule 19(b)." [*Id.* at 4.] Many, if not all, of these questions were squarely addressed in the Court's prior Order. The Court will again briefly address each again, to clarify why there is no basis for reconsideration.

As to the first question, addressing the factual dispute over whether Jerabeck's property interest was implicated, the Court provided as follows:

> Whether Jerabeck's interest in actually implicated by the boundary determination is the subject of a genuine factual dispute. The parties have submitted conflicting affidavits from surveyors. Miranda Quarles, in her notice of removal for the sister case of this action (No. 3:25-cv-00026-GFVT) attaches the affidavit of surveyor Anthony J. Sickles, who opines that "Jerabeck has no interest in the boundary dispute." [No. 3:25-cv-00026-GFVT. R. 5-1 at 2.] Having heard testimony from both surveyors on the boundary line, the Court is convinced that Jerabeck and her property are implicated by this boundary line dispute. Her land directly abuts the disputed line and a final determination of the line's placement is likely to affect her property. The requirements of Rule 19(a) are therefore satisfied.

[R. 22 at 5.] Further, as the Court noted, courts draw a distinction between factual and facial attacks contained within Rule 12(b)(1) motions. A facial attack requires the Court to construe all allegations in the complaint as true. A factual attack, by contrast, permits the court "to confirm the existence of the factual predicates for subject matter jurisdiction." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). Here, the Court addressed a factual attack. The Court did not somehow shift the burden of proof by resolving this "genuine factual dispute." Rather, it performed the requisite task of hearing conflicting testimony and resolving a factual Rule 12(b)(1) attack.

Second, and more extensively, Quarles contends that the Court erred in determining that Jerabeck was an indispensable party under Rule 19(a) because, in her view, Jerabeck has no actual interest in the disputed property. [R. 24 at 3.]  Quarles opines that the Court premised its conclusion on "the mere possibility of an interest," rather than on an actual interest. [*Id*.]  While acknowledging that "Jerabeck owns property that may abut the boundary line between Ms. Quarles and the Trust," she provides three additional facts which demonstrate error in the Court's conclusion: (1) that "Jerabeck has filed no claim to the disputed sliver of land;" (2) "Jerabeck has expressed no intent to participate;" and (3) "[t]he judgment Ms. Quarles sought herein will determine only the boundary between her tract and the tract owed by the Trust, not Jerabeck's separate boundary." [*Id*.]  Again, however, the Court finds no legal error in its analysis.

To determine whether a person is an indispensable party under Rule 19, the Court must apply a three-step analysis. *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993); *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).  Under the first step, which Quarles takes issue with here, the Court "determine[s] whether a person is necessary to the action and should be joined if possible." *Keweenaw Bay*, 11 F.3d at 1345; *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999).  To make this determination, Rule 19(a) provides:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  To determine whether Jerabeck was an indispensable party, the Court looked to Kentucky law which provides that "record owners of a disputed tract of land are

indispensable parties in a quiet title action." [R. 22 at 6] (citing *Gilland v. Dougherty*, 500 S.W.3d 217 (Ky. Ct. App. 2016) (reversing trial court's judgment because the heirs of the record owners are not joined). The Court further stated that "*Gilland* makes clear that 'the plaintiff's burden in a quiet title action to prove ownership and possession of the land cannot be satisfied while other non-parties have a claim to ownership.'" [R. 22 at 6.] The Court also cited two other state court opinions, *Baker v. Weinberg*, 266 S.W.3d 827 (Ky. Ct. App. 2008), and *Lange v. City of Park Hills*, No. 2018-CA-00123-MR, 2019 WL 3374795 (Ky. Ct. App. July 26, 2019), for the same proposition. [*Id*. at 6-7.] In view of clear precedent that adjacent landowners must be joined in a quiet title action under Kentucky law, the Court concluded that "a judgment in Jerabeck's absence would essentially leave the boundary line dispute still unsettled." [*Id*. at 6.] Consequently, the Court held that Jerabeck was an indispensable party under Rule 19(a). [*Id*. at 6-7.]

Quarles contends that the facts of *Gilland* are distinguishable from the case at bar. Specifically, she states that "Jerabeck is an adjacent landowner with no ownership claim to the disputed tract and made no claim." [*Id*.] Although the facts of *Gilland* are not identical to the case at bar, the rule of law employed by the Kentucky Court of Appeals is equally applicable here. Furthermore, Quarles points to no cases, or other controlling authority, under which a court has found that an adjacent property owner is not an indispensable party under similar facts. Absent such evidence, Quarles's argument suggests a disagreement with the Court's conclusion, as opposed to a "manifest error of law." Consequently, the Court finds no error in its conclusion that Jerabeck, as an adjacent property owner is an indispensable party under Rule 19(a) because her absence would leave unsettled the boundary line dispute.

Third, and finally, Quarles states that "[e]ven if Jerabeck were 'necessary,' dismissal is not required under Rule 19(b)." [R. 24 at 4.] This speaks to the second and third components of

the Rule 19 analysis.  As the Court stated, "once an absentee is deemed 'necessary,' the Court must ask whether the absentee (i) is subject to personal jurisdiction and (ii) can be joined without destroying subject-matter jurisdiction." [R. 22 at 5] (citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001); *Am. Express Related Servs. Co. v. Bank One-Dearborn, N.A.*, 195 F. App'x 458, 460 (6th Cir. 2006)).  The Court concluded that while Jerabeck is subject to its personal jurisdiction, her joinder would destroy the Court's diversity jurisdiction, upon which the case was premised.  Having concluded that joinder is infeasible, the Court applied balanced four factors to decide whether, "in equity and good conscience," the case could nonetheless proceed without Jerabeck. [R. 22 at 6-7.]   The Court concluded, on balance, that the factors favored dismissal.  Especially prescient in this determination was the fact that "[t]he parties are free to pursue this matter in state court (indeed the removed action indicates their intention to do just that)," and that "a judgment in [Jerabeck's] absence would be inadequate." [*Id.*]

Quarles suggests that the Court's analysis was "cursory," and contends that "the Rule 19(b) factors do not 'favor dismissal' – they favor a pragmatic approach that permits adjudication of this diversity action before this Court." [R. 24 at 5.]  At bottom, rather than demonstrating "a manifest error of law," Quarles requests that the Court re-balance the Rule 19(b) factors and reach a different conclusion.  Again, a motion for reconsideration premised on Rule 59(e) is not an opportunity for a party to relitigate its case; rather, it is a "rare remedy," designed to correct  "wholesale disregard, misapplication, or failure to recognize controlling precedent."  Once again, Quarles has not presented any controlling precedent which the Court failed to address in reaching its conclusion.  Accordingly, the Court finds no error in its application of Rule 19(b) and its ultimately conclusion that the case could not proceed in the absence of Jerabeck, whose presence was indispensable and would destroy the Court's subject matter jurisdiction.

**B**

Quarles next claims that "[t]he 'amount in controversy' issue should have decided the issue." [R. 24 at 6.]  Framed slightly differently, Quarles essentially requests that this Court reconsider the portion of the case related to Rule 19 while leaving its ruling with respect to the "amount in controversy" undisturbed, because it supports federal jurisdiction.  The Trust, on the other hand, expresses disagreement with the Court's prior finding regarding the "amount in controversy." [R. 25 at 5-6.]  Although the Court will not disturb its conclusion that the amount-in-controversy requirement was satisfied, it also concludes that this finding is not dispositive in light of the conclusion with respect to Rule 19(a).

In addressing the amount-in-controversy question in its prior Order, the Court sought to tether its opinion to longstanding general principles, while acknowledging that the question is "far from well-settled," and "has not been extensively addressed by courts."  The Court reasoned that in quiet title actions, the amount in controversy "is often measured by the value of the object of the litigation." [*Id.*] (citing *Smith v. Adams*, 130 U.S. 167, 175 (1889); *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  The Parties disagreed over the scope of "the object of the litigation."  Quarles contended that the "object" involved the entire 160-acre property, valued at $490,000, which satisfies the amount in controversy requirement.  In turn, the Trust contended that the "object" consisted only of the sliver to which Quarles sought to quiet title which, at most, was valued at $5,300, well below the threshold requirement in 28 U.S.C. § 1332.

To determine the scope of "the object of the litigation," the Court looked to sister district courts within the Sixth Circuit which have addressed similar issues:

> In *Planning and Development Dept. v. Daughters of Civil War*, the Eastern
> District of Michigan held that (1) "the 'object of the litigation' is determined by

8

the relief sought by the plaintiff, and the value of the object of the litigation (the amount-in-controversy) is the potential loss to the plaintiff if relief is denied," and (2) that the amount in controversy exceeded $75,000 where plaintiffs alleged ongoing clouds on their title that precluded them from selling a building at market value. 2025 WL 3163393, at *6 (E.D. Mich. 2005). Thus, it seems that when a quiet title action has implications for the full use or disposition of the property, such as precluding its sale, the value of the entire property may be at stake. See also *Voss v. Quicken Loans LLC*, No. 1:20-cv-756, 2021 WL 3810384, at *3 (S.D. Ohio Aug. 26, 2021) (explaining that the Plaintiff's complaint does not allege that there is any continuing "cloud on the title" that he seeks to clear in order to sell or lease the property, or that would make the entire value of the property the "object of suit").

[R. 22 at 8-9.] Applying this construction, the Court concluded that by the Trust's own assertions, the entire value of the property comprised the object of the suit. This was because the Trust itself "claim[ed] that the *lis pendens* placed on the property by Quarles and the ongoing legal dispute clouds title to the full property and precludes sale." [*Id*. at 9.] Consequently, even though the effort to quiet title applied only to a narrow sliver of the parcel, the *lis pendens* impacted the entire property, and thus its entire value was considered in determining the amount in controversy was satisfied.

Here, the Trust again does not present evidence to demonstrate that the Court erred in its amount-in-controversy finding. After all, this is the *plaintiff's* motion to reconsider, not the defendant's. The Court agrees, however, with the Trust's statement that "[p]laintiff overlooks the fact that satisfaction of the amount in controversy alone is insufficient to support federal subject matter jurisdiction in view of the necessity of Jerabeck being a party." [R. 25 at 5-6.] This is correct. While the Court will not disturb its prior finding with respect to the amount in controversy, this does nothing to alter the ultimate disposition of this case.

## C

Third, and finally, Quarles states that even if abstention is appropriate, the Court must stay, rather than dismiss, this action. More specifically, Quarles contends both that abstention is inappropriate under an application of the *Colorado River* factors, and, even if abstention is appropriate, the Court erred in dismissing, rather than staying, the case. [R. 24 at 6-8.] Upon further consideration, the Court finds that it did not err in concluding that abstention would be appropriate here. Furthermore, as to the case's dismissal, Quarles misconstrues the Court's prior Order on this point because, ultimately, the Court did not reach this question.

To begin, Quarles states that the distinction between a stay and a dismissal is critical in the *Colorado River* context, "in that a stay preserves federal jurisdiction and allows the case to return to federal court if state court proceedings do not fully resolve the dispute. Dismissal, by contrast, forecloses federal adjudication entirely – contrary to the 'strong presumption in favor of exercising jurisdiction.'" [R. 24 at 7.] (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). Yet the phraseology employed by Quarles illustrates the flaw in this point. Quarles's reasoning is sound: the purpose of the stay is to *preserve* federal jurisdiction. A stay was not employed here because there is no federal jurisdiction to preserve. In other words, because the Court lacks subject matter jurisdiction, for the reasons already stated, there is no jurisdiction to preserve through a stay. If Jerabeck were not an indispensable party, abstention would have applied and the case would have been stayed. But those are not the facts before us. To clarify, then, the Court's *Colorado River* analysis essentially amounted to mere dictum, addressing arguments raised in the briefing for sake of thoroughness, and did not ultimately impact the case's disposition.

10

## III

Again, a Rule 59(e) motion is not an opportunity to re-litigate an issue or provide argument which could have been provided initially. *Engler*, 146 F.3d at 374.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Quarles's Motion to Alter, Amend, or Vacate **[R. 24]** is **DENIED**.

This the 4th day of June 2026.

Gregory F. Van Tatenhove
United States District Judge